**CV 12 - 5007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x  DKT#:

SHERAZ IKRAM,

                      Plaintiff,

**BRODIE, J.**

**COMPLAINT**

- against -

**MANN, M.J.**

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
DETECTIVE JOSEPH GUIDICE (Tax ID # 915845),
LIEUTENANT SHARKEY (Tax ID # 918319)
individually and in their official capacity,

**VIA ECF**

                      Defendants.

**SUMMONS ISSUED**

-----------------------------------------------------------------x

Plaintiff, SHERAZ IKRAM by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, SHERAZ IKRAM, is a citizen of the United States and at all relevant times a resident of the City of Cohoes and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DETECTIVE JOSEPH GUIDICE and LIEUTENANT SHARKEY were duly sworn police officers of THE CITY OF NEW YORK and the New York City Police Department and was acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendant while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. Prior to March 15, 2012, the Plaintiff's automobile was stolen while it was parked on the street in Queens County.

14. The Plaintiff attempted to make a police report in order to report the vehicle stolen. The Plaintiff went to the 105th Police Precinct in Queens County to make the police report.

15. The Plaintiff came in contact with numerous police officers, including the police officer defendants.

16. The Plaintiff learned that his vehicle was involved in a hit and run accident after it was stolen. The Plaintiff learned from the defendant police officers that his vehicle was occupied by numerous females at the time the vehicle was involved in the accident. The Plaintiff was not an occupant of the vehicle at the time of the accident.

17. The defendant police officers accused the plaintiff of having personal knowledge of the identity of the females that occupied his vehicle at the time of the accident.

18. The plaintiff informed the defendant police officers that he did not have any personal knowledge of the identity of the females that occupied his vehicle at the time of the accident.

19. The defendant police officers requested that the plaintiff return to the police precinct on numerous occasions to give statements.

20. The defendant police officers called the plaintiff repeatedly on his telephone and accused him of having information regarding the occupants of the vehicle.

21. The defendant police officers repeatedly visited the plaintiff's residence in person after the plaintiff made his police report regarding his stolen vehicle.

22. Despite the fact that the plaintiff insisted that he did not know the females who occupied his vehicle, the defendant police officers accused him of lying.

23. On March 15, 2012, the defendant police officers asked the plaintiff to come to the 105th police precinct. While at the precinct, the defendant police officers continuously accused the plaintiff of knowing the identities of the females in the vehicle and of lying to the police for not providing the information to them. The defendant police officers informed the plaintiff that if he did not provide them with information regarding the identity of the female occupants, they would charge the plaintiff with a crime.

24. On March 15, 2012, the plaintiff continued to assert he did not know the females that were in his vehicle at the time of the accident.

25. On March 15, 2012, the defendant police officers then told the plaintiff to "stand up" because "we have to lock you up". The plaintiff was handcuffed and placed in a holding cell at the 105th police precinct. The plaintiff was photographed and subjected to fingerprinting.

26. On March 15, 2012, DETECTIVE JOSEPH GUIDICE issued a "Desk Appearance Ticket" to the plaintiff under OLBS Arrest-ID # Q12616131 and DAT Serial # 105-28979. The Desk Appearance Ticket indicated that the Top Offense Charged was PL § 175.10.

27. PL § 175.10 is the crime of Falsifying Business Records in the First Degree, which is a Class E Felony. The crime charged carries a maximum possible penalty of 3 years in prison.

28. The plaintiff did not commit any crimes, did not falsify any business records, and was truthful and honest with the defendant police officers.

29. The defendant police officers did not have probable cause to arrest the plaintiff or charge him with any crime.

30. The issuance of the Desk Appearance Ticket acted as the commencement of a criminal action.

31. After issuing the Desk Appearance Ticket the plaintiff's right to counsel had attached pursuant to the United States Constitution and the Constitution for the State of New York.

32. Despite the fact that the plaintiff's right to counsel attached, LIEUTENANT SHARKEY continued to call the plaintiff demanding information regarding the identities of the females that occupied his vehicle at the time of the accident. LIEUTENANT SHARKEY's actions of calling the plaintiff after the commencement of the criminal action violated the plaintiff's Constitutional right to counsel.

33. On July 10, 2012, the criminal action against the plaintiff was dismissed.

34. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, economic loss, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

37. All of the aforementioned acts deprived plaintiff SHERAZ IKRAM of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff SHERAZ IKRAM was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

43. That the seizure of the plaintiff was objectively unreasonable and in violation of his plaintiff's constitutional rights.

44. As a result of the foregoing, the Plaintiff sustained, inter alia, economic loss, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiff, SHERAZ IKRAM was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

47. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of the Plaintiff's constitutional rights.

48. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, economic loss, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against SHERAZ IKRAM.

51. All of the Defendants lacked probable cause to initiate criminal proceedings against SHERAZ IKRAM.

52. All of the Defendants acted with malice in initiating criminal proceedings against SHERAZ IKRAM.

53. All of the Defendants were directly and actively involved in the continuation of

criminal proceedings against SHERAZ IKRAM.

54. All of the Defendants lacked probable cause to continue criminal proceedings against SHERAZ IKRAM.

55. All of the Defendants acted with malice in continuing criminal proceedings against SHERAZ IKRAM.

56. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in SHERAZ IKRAM' favor when all criminal charges against him were dismissed.

57. As a result of the foregoing, the Plaintiff sustained, inter alia, economic loss, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. All of the Defendants issued legal process to detain the plaintiff and subject him to a false arrest and malicious prosecution.

60. All of the Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

61. Defendants acted with intent to do harm to SHERAZ IKRAM without excuse or justification.

62. As a result of the foregoing, the Plaintiff sustained, inter alia, economic loss, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the aforementioned Defendants conspired to violate both of the Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants including THE CITY OF NEW YORK, DETECTIVE JOSEPH GUIDICE and LIEUTENANT SHARKEY, subjected the Plaintiffs, SHERAZ IKRAM to a false arrest and malicious prosecution.

67. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

69. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to malicious prosecution.

70. The existence of the aforesaid unconstitutional customs and policies may be inferred from the actions taken by the defendant police officers.

71. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

72. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. All of the foregoing acts by defendants deprived SHERAZ IKRAMof federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. To receive equal protection under the law;

76. By reason of the aforesaid conduct by defendants, plaintiff SHERAZ IKRAM Is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff SHERAZ IKRAMdemands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, and one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
   September 25, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832